# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN  DIVISION
# at PIKEVILLE

**Civil Action No. 09-04-HRW**

**BRANDON CAUDILL**,                                                    **PLAINTIFF,**

**v.**                                **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                        **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant determining that he is no longer eligible for supplemental security income benefits based on disability as a child.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff received Supplemental Security Income (SSI) based on disability as a child (Tr. 29).  As required by law, when Plaintiff reached eighteen years of age, eligibility was reviewed and the Agency found him no longer disabled as of August 1, 2004 (Tr. 42-45).

Following a hearing, this decision was upheld on reconsideration (Tr. 50-75).

A second administrative hearing was conducted by Administrative Law Judge Richard C. Bentley (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Bethel Everage, Plaintiff's mother, also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: Whether the claimant has impairment(s) which are severe based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 2: If his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 3: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 6, 2007, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 21 years old at the time of the hearing decision. He has a high school education and no past relevant work.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff suffered from degenerative disc disease / curvature of the thoracic / lumbar spine, but that this was not "severe" within the meaning of the Regulations (Tr. 19-22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 1 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 23, 2008 (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff does not allege error in terms of lack of substantial evidence in the record. Rather, his only argument is that the ALJ erred by failing to address what he characterizes as an "objection" in a letter to the ALJ from Plaintiff's mother, Bethel Everage.

Following the hearing, Plaintiff was examined by consultative physician Dr. Mark V. Burns. Dr. Burns opined that Plaintiff had no limitations in his physical abilities (Tr. 545-546).

By a letter from the ALJ, dated June 21, 2007, Plaintiff was provided with a copy of Dr. Burns' assessment and notified that he could submit written objections regarding the same within ten days from the date of the letter (Tr. 245).

Ms. Everage sent a letter to the ALJ asking that he consider Plaintiff's

4

mental abilities (Tr. 246).[1] She specifically asked the ALJ review Plaintiff's school records.

Although Plaintiff maintains that the subject letter is an objection to the report of Dr. Burns, and, thus, the ALJ was obliged to rule upon it, nothing on the face of the same supports this contention.  Nor does Plaintiff explain, specify or otherwise flesh out an argument as to how the letter constitutes an objection.

Although Ms. Everage refers to Dr. Burns' report as "misleading," she did not offer any evidence to refute it.   Further, Ms. Everage's concern appears to pertain to Plaintiff's mental impairment, as opposed to his physical abilities, which were the subject of Dr. Burns' assessment.  Indeed, in her letter Ms. Everage states that Plaintiff us capable of mowing grass using a riding mower as well as performing "general labor around the house,"  thus conceding that Plaintiff is physically capable of performing at least some work activity.

In sum, nothing in the letter can be construed as a substantive objection on which the ALJ was obliged to rule.   Therefore, Plaintiff's argument on appeal has no merit.

### III.  CONCLUSION

---

[1]      Although the subject letter was dated and received almost a month prior to the ALJ's proffer letter, it is apparent from the context of the letter that Ms. Everage intended to comment on Dr. Burns' report.   As such, it was labeled by the Agency as a "response" to the proffer (Tr. 4).

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 9, 2009.



Signed By:

_Henry R Wilhoit Jr._

United States District Judge